**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                                          No. 02-4032

CHARLES ANTHONY ASHE, JR.,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-01-63)

Submitted: March 7, 2003

Decided: March 27, 2003

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Sandra Wilkinson, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Charles Anthony Ashe appeals his conviction following a jury trial of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000), one count of possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1) (2000), and one count of possession of ammunition after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). We affirm.

First, Ashe argues joinder of the drug, firearm and ammunition offenses was not proper under Fed. R. Crim. P. 8. We review de novo the district court's refusal to grant a misjoinder motion to determine whether the initial joinder of the offenses was proper under Rule 8(a). *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003). If joinder was proper, we review the denial of a motion to sever for abuse of discretion under Fed. R. Crim. P. 14. *Id.* If joinder was improper, we review this nonconstitutional error for harmless error. *Id.* We have reviewed the record and conclude that joinder was proper under Rule 8 and that the district court did not abuse its discretion by denying Ashe's motion to sever.

Next, Ashe challenges two of the district court's evidentiary rulings at trial under Fed. R. Evid. 401 and 404(b). First, Ashe argues the district court erred in allowing the introduction of his cell phone greeting, which bore the message "thug life." We review a district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) for abuse of discretion. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). We have reviewed the record and find no error.

Second, Ashe argues the district court erred when it permitted testimony that the firearm he possessed was "inherently unlawful." Because Ashe did not object to the testimony, we review for plain error. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). Under this standard, we exercise our discretion only to correct errors that are plain, material, or affecting substantial rights, and that seriously affect the fairness, integrity or public reputation of judicial proceedings. *Id.*

Because the testimony directly related to the crime for which Ashe was charged, we find no plain error. *See United States v. Kennedy*, 32 F.3d 876, 885 (4th Cir. 1994).

Finally, Ashe asserts the police officers conducted an illegal warrantless search of his vehicle after it was impounded and taken to a private impound lot. We review the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). We have reviewed the record and conclude the district court did not err when it denied the motion to suppress because the officers had probable cause to believe that evidence of a crime would be discovered in Ashe's vehicle. *See Pennsylvania v. Lebron*, 518 U.S. 938, 940 (1996) (per curiam).

We therefore affirm Ashe's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*